**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 1 2020

JAMES W. McCORMACK, CLERK
By: _____ _____
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**FRANCES GATEWOOD**                                          **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO.** ___3:20-cv-00129 KGB___

**RYDER TRUCK RENTAL, INC.**
**AND LEROY DONTAE WILLIAMS**                               **DEFENDANTS**

This case assigned to District Judge___BAKER___
and to Magistrate Judge___VOLPE___

## COMPLAINT

COMES NOW, the Plaintiff, Frances Gatewood, by and through the undersigned counsel and files her Complaint, a personal injury action brought pursuant to Arkansas law, against Defendants, Ryder Truck Rental, Inc. (hereinafter "Ryder") and Leroy Dontae Williams (hereinafter "Williams"), and would show and allege unto this Court the following, to wit:

### I. PARTIES

1.     That the Plaintiff, Frances Gatewood, is an adult resident citizen of Noxapater, Winston County, Mississippi.

2.     That the Defendant, Ryder Truck Rental Inc., is a Florida corporation with its principal place of business in Miami, Florida and registered to do business in the State of Arkansas.

3.     That the Defendant Ryder may be served with process of this Court by serving their registered agent for service of process, Corporate Creations Network, Inc., 609 SW 8th Street #600, Bentonville, AR 72712.

1

4.     That the driver of the Ryder Truck, Defendant Williams, is an adult resident citizen of Indianapolis, Indiana and may be served with process of this Court at his residence at  9913 Scott Ct, Indianapolis, IN 46235.

## II. JURISDICTION AND VENUE

5.     The Plaintiff incorporates all allegations set forth in paragraphs 1 - 4.

6.     That the Plaintiff's claim hereinafter set forth, occurred in Mississippi County, Arkansas.

7.     This Court has jurisdiction over this matter under the provisions of 28 U.S.C. 1332.  The parties to this lawsuit are citizens and/or corporations of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## III. FACTS

8.     The Plaintiff incorporates all allegations set forth in paragraphs 1 - 6.

9.     That on or about February 10, 2018  Plaintiff, Frances Gatewood, was driving her vehicle north bound in the  outside lane on Interstate 55 in Mississippi County, Arkansas near the 32 mile marker.

10.     That at the same time, Leroy Dontae Williams was driving a 2014 Freightliner owned by Ryder Truck Rental, Inc. north bound in the inside lane  on Interstate 55 in Mississippi County, Crittenden County, Arkansas at the 32 mile marker, when he crossed the centerline, merged into Gatewood's vehicle, striking it in the left side with the front bumper of his vehicle.

11. That Defendant's actions were the proximate cause of Plaintiff's injuries and constitute negligence.

12. That Plaintiff Frances Gatewood was following all applicable state and federal driving regulations/laws and was acting in a prudent and cautious manner. Defendant Williams, however, admitted that he crossed the centerline and struck Gatewood's vehicle.  This admission was recorded by the 911 operator.

13. As a result thereof, in whole or in part, of the foregoing negligent acts or omissions, Plaintiff Frances Gatewood suffered serious and painful injuries and trauma to her  left shoulder (rotator cuff tendon tear).

14. By reason of the foregoing, Plaintiff Frances Gatewood has been required to undergo necessary medical, hospital and therapeutic care and treatment and rehabilitation.   There · is  the  likelihood  that  she  may  incur  future  costs  and  medical treatment.

## IV. CAUSES OF ACTION

### COUNT 1

15. The Plaintiff incorporates all allegations set forth in paragraphs 1-14.

16. The Defendant Williams, failed to maintain a proper lookout for other vehicles travelling the Interstate.

17. The Defendant Williams, failed to maintain proper control over the vehicle he was driving.

18. The Defendant Ryder owned the vehicle driven by Williams.

19. At the aforesaid date and place, the aforementioned Williams, on information and belief, was in the course and scope of his employment for the Defendant

3

Ryder or acting as an agent for Defendant Ryder when he negligently crossed the centerline while driving on the interstate and struck Plaintiff's vehicle causing her to suffer severe injury and pain.

20.     Williams was careless, reckless, and negligent in his actions, and under the doctrine of respondeat superior or principal/agent, the negligence of Williams is imputed unto Ryder.

21.     The Defendant Ryder negligently failed to properly train its employee/agent as to the necessary safety measures and the safe operation of its vehicles to be applied while driving a vehicle owned by Ryder, in the normal course and scope of the Defendant's business, and/or, on information and belief, negligently entrusted Williams to drive their vehicle when they knew or should have known he was a negligent or reckless driver.

## V. DAMAGES

22.     The Plaintiff incorporates all allegations set forth in paragraphs 1-21.

23.     That as a direct and proximate result of the above described negligence of the Williams and Ryder, the Plaintiff, Frances Gatewood, sustained serious personal injuries. Plaintiff seeks recovery from the Defendant, of all damages to which she may be entitled under all applicable laws and which include, but are not limited to, the following:

        a.     Physical pain and suffering;

        b.     Emotional pain and suffering;

        c.     Past and future medical expenses;

        d.     Loss of enjoyment of life;

4

  e.  Loss of wages and earning capacity;

  f.  Mental anguish; and

  g.  All such further relief, both general and specific, to which

      they may be entitled under the premises.

24.  Plaintiff's damages exceed the amount required for federal jurisdiction.

## VI. PUNITIVE AND/OR EXEMPLARY DAMAGES

25.  That all of the allegations contained in the previous paragraphs are re-alleged herein.

26.  That the acts and/or omissions of Defendants Williams and Ryder as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiff Frances Gatewood.  More specifically, Williams and Ryder consciously and/or deliberately acted with reckless disregard to Frances Gatewood, and should be held liable in punitive and exemplary damages to Frances Gatewood.

## VII. JURY DEMAND

27.  That Plaintiff Frances Gatewood demands that all issues of fact in this case be tried to a properly impaneled jury.

## VIII. PREJUDGMENT AND POST JUDGMENT INTEREST

28.  Plaintiff also asserts a claim for prejudgment interest in all elements of damages as allowed by law and post-judgment intent at the rate allowed by law.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Frances Gatewood, prays that Defendants Williams and Ryder be ordered to appear and answer the Complaint herein and, upon final trial of this action to a jury, that Plaintiff be granted a judgment against the Defendants for an amount in excess of that required for jurisdiction for compensation for all actual economic and non-economic damages and punitive damages as pled in this Complaint together with all costs of this proceeding and all other relief to which the plaintiff may be entitled.

RESPECTFULLY SUBMITTED this the 6th day of May, 2020.

Frances Gatewood, Plaintiff, by her attorney,

VICKI L. GILLIAM (AR Bar No. 2002045)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

VICKI L. GILLIAM
*THE GILLIAM FIRM, PLLC*
106 Town Sq.
Brandon, MS 39042
Phone: 601-488-4044
Email: gilliam@gilliamfirm.com